Jesus BOLANOS–RAMIREZ;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–70595.

INS Nos. A72–541–313, A75–483–918,
A75–483–919, A76–361–666.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 12, 2003.

Before RYMER, THOMAS, and
SILVERMAN, Circuit Judges.

MEMORANDUM**

Jesus Bolanos–Ramirez, his wife and two minor daughters, Mexican natives and citizens, petition pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of their applications for cancellation of removal under 8 U.S.C. § 1229b(b). We retain jurisdiction over petitioners' constitutional claims pursuant to 8 U.S.C. § 1252, *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002), and we review such claims de novo, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001). We deny the petition for review.

We lack jurisdiction to review the BIA's determination that the adult petitioners failed to satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). Petitioners' constitutional challenge to the adequacy of the BIA's hardship decision lacks merit. *See Torres–Aguilar*, 246 F.3d at 1271 ("Traditional 'abuse of discretion' challenges recast as alleged due process violations do not constitute colorable constitutional claims which would invoke our jurisdiction.").

Petitioners' equal protection claim is foreclosed by this court's decision in *Jimenez–Angeles*, 291 F.3d at 602–03 (rejecting equal protection claim based on the Nicaraguan Adjustment and Central American Relief Act's more favorable treatment of individuals from certain designated countries).

PETITION DENIED.

Dora Isabel DEARAS–KURILICH,
Petitioner,

v.

John ASHCROFT, Attorney

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

General,* Respondent.

No. 02–72602.
INS No. A70–781–824.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.**

Decided June 12, 2003.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM***

Dora Isabel Dearas–Kurilich, a native and citizen of Honduras, petitions for review of the order of the Board of Immigration Appeals ("BIA") denying as untimely her motion to reopen. Because the transitional rules apply, we have jurisdiction under 8 U.S.C. § 1105a(a). *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). We review the denial of a motion to reopen for abuse of discretion, and legal issues de novo. *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002). We deny the petition.

Because the government concedes that the BIA mailed its decision to an incorrect address, we have jurisdiction to review Dearas–Kurilich's otherwise untimely petition. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (holding that jurisdictional period to file petition for review did not begin to run until BIA mailed copy of decision to correct address).

Dearas–Kurilich contends that the BIA should have equitably tolled the deadline for filing a motion to reopen due to the misconduct of her prior attorney. We disagree. The evidence in the record does not support a finding that Dearas–Kurilich's former attorney engaged in fraudulent or deceptive conduct. Accordingly, equitable tolling is not warranted. *See Iturribarria v. INS,* 321 F.3d 889, 897–98 (9th Cir.2003) (holding that equitable tolling is available where petitioner's attorney engaged in fraudulent or deceptive acts).

Because Dearas–Kurlichich's motion to reopen was untimely, we do not reach the merits of her ineffective assistance of counsel claims.

**PETITION DENIED.**

Tevis R. IGNACIO, Plaintiff—Appellant,

v.

UNITED STATES DEPARTMENT OF JUSTICE; et al., Defendants—Appellees.

No. 03–15040.
D.C. No. CV–01–20278–RMW/PVT.

United States Court of Appeals,
Ninth Circuit.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.